# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE SANCHEZ, <br><br> Plaintiff, <br><br> v. <br><br> BRIAN COLEMAN., *et al.,* <br> Defendants. | Civil Action No. 2: 13-cv-00982 <br><br> United States Magistrate Judge <br> Cynthia Reed Eddy |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction (ECF No. 25) and the Commonwealth Defendants' Response in Opposition (ECF No. 24). After consideration of the written submissions, and for the reasons that follow, the motion is denied.

Plaintiff, an inmate at the State Correctional Institution at Fayette ("SCI-Fayette"), brings this lawsuit *pro se* pursuant to 42 U.S.C. § 1983 for alleged violations of his Eighth Amendment rights. Specifically, Plaintiff alleges that Defendants were deliberately indifferent to his medical needs by failing to provide necessary medical care.

In the instant motion, Plaintiff alleges that on September 27, 2013, after he had filed this lawsuit, he went to the SCI-Fayette medical department complaining of problems with his stomach. He claims, *inter alia,* that he "was not provided with any medication for [his] medical problem which [he] complaint about on the 27th." Plaintiff asks the Court to issue a temporary restraining order ("TRO") and/or preliminary injunction to prohibit Defendants and their employees and agents "from harassing [him], annoying him, refusing to provide medical treatment to him or retaliating against him and thus punishing him in any kind of way during the conduct of this instant lawsuit or for filing same . . . ." Mot. at 1.

1

Injunctive relief is an "extraordinary remedy, which should be granted only in limited circumstances." *Novartis Consumer Health v. Johnson & Johnson–Merck Consumer Pharms. Co.,* 290 F.3d 578, 586 (3d Cir. 2002) (quotation and citation omitted). The Court must consider four (4) factors in determining whether to grant Plaintiff's motion for TRO: (1) the likelihood of success on the merits; (2) whether the movant will be irreparable harmed without the restraint; (3) whether the party to be enjoined will be irreparably injured if the preliminary relief is granted; and (4) whether the public interest will be served by the preliminary relief. *Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998) A plaintiff must establish that all four factors favor preliminary relief. *Opticians Ass'n of America v. Independent Opticians of America*, 920 F.2d 187, 191-92 (3d Cir.1990). Applying these four factors to this matter, the Court concludes that Plaintiff has failed to make the required showing to justify the extraordinary remedy of injunctive relief.

As a preliminary matter, the Court notes that the public interest is best served if the courts do not get involved in the daily operations of a prison, particularly prior to a finding that the Constitution has been violated. Defendants have provided the declaration of Susan Berrier, the Corrections Health Care Administrator ("CHCA") at SCI-Fayette. CHCA Berrier confirms that Plaintiff was seen by the SCI-Fayette Medical Department on September 27, 2013, with complaints of stomach pain. His physical examination was unremarkable and Physician's Assistant ("PA") Darla Cowden ordered blood work and a stool culture. Further, according to the Declaration, PA Cowden called the block on which Plaintiff resides and was informed that Plaintiff had no activity change and was going to the yard and working out.

The Court concludes that Plaintiff has failed to establish that he will be irreparably harmed if his motion for injunctive relief is denied. To the contrary, Plaintiff has failed to

establish that he has been harmed in any way by any of the actions complained of in his motion. Moreover, Plaintiff has not made a clear showing that he will likely prevail on the merits. The record before this Court is clear that Plaintiff was not denied medical care on September 27, 2013.

**AND NOW**, this 23rd day of October, 2013, based on the foregoing, it is hereby **ORDERED** that Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction (ECF No. 25) is **DENIED**.

BY THE COURT:

*/s Cynthia Reed Eddy*
Cynthia Reed Eddy
United States Magistrate Judge

cc: JOSE SANCHEZ
GR2847
PO Box 9999
LaBelle, PA 15450

Robert A. Willig
Office of Attorney General
Email: rwillig@attorneygeneral.gov